IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD DWAYNE GLICK,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA SUPREME COURT,<br><br>Defendant. | CV 17-62-M-DLC-JCL<br><br>ORDER, and FINDINGS<br>AND RECOMMENDATION |

**I.** **Introduction**

Plaintiff Ron Glick, proceeding pro se, filed a Motion to Proceed In Forma Pauperis. Glick submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Glick's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Glick's lodged pleading as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable

1

provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (I) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Glick's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.     Glick's "Petition for Writ of Mandamus"

Glick states he is the personal representative of his grandmother's estate. He commenced a civil action in a Montana state district court on behalf of that estate. The district court dismissed the action, and Glick, proceeding pro se and in his capacity as the personal representative, filed an appeal of the dismissal to the Montana Supreme Court.

On May 2, 2017, the Montana Supreme Court issued an order directing Glick to retain legal counsel to represent him in the action as the personal representative of the estate. The referenced order gave Glick 30 days from May 2, 2017, to retain counsel.

In this case, Glick filed a "Petition for Writ of Mandamus" challenging the Montana Supreme Court's May 2, 2017 order. Glick contends the referenced order is contrary to state and federal law, and he requests this Court issue a writ of mandamus directed to the Montana Supreme Court to compel it to comply with the law of Montana. Specifically, he requests this Court order the Montana Supreme Court to permit him to proceed pro se with the state court litigation he filed on behalf of his grandmother's estate, and to prosecute an appeal of that litigation pro se. Glick contends he is authorized by law to proceed pro se in the matter by virtue of his capacity as the personal representative of the estate. And he further contends he is authorized to prosecute the claims pro se based on a power of attorney his grandmother granted to him before she passed away.

Glick contends the Montana Supreme Court's order denying him the ability to prosecute the estate's claims, and to appeal pro se, deprives him of rights protected under the Fourteenth Amendment to the United States Constitution and under the Montana Constitution. Thus, Glick's allegations invoke the Court's jurisdiction under 28 U.S.C. 1331, and its supplemental jurisdiction under 28

3

U.S.C. § 1367.

## III. Discussion

Because Glick is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

As indicated in Glick's "Petition for Writ of Mandamus", he seeks to have this Court control and direct the Montana Supreme Court as to its decisions in the civil action Glick is attempting to prosecute and appeal in the courts of the State of Montana. Although the Court would have jurisdiction over his claims advanced in this action, for the reasons discussed the Court concludes it must abstain from exercising that jurisdiction, and this action should be dismissed.

There is a strong policy against federal intervention in pending state judicial

processes in the absence of extraordinary circumstances.[1]  *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  *See also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)).  "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008).  Specifically, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings.  *Gilbertson*, at 381 F.3d at 968.

The Ninth Circuit has concluded that the federal courts must abstain under *Younger* if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*City of San Jose*, 546 F.3d at 1092 (citing *Gilbertson*, 381 F.3d at 978, and *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).

---

[1] Federal courts may raise the issue of *Younger* abstention sua sponte.  *See Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976) and *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

Where applicable, *Younger* abstention is mandatory. Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id*. (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

All of the elements of *Younger* abstention exist in this case. First, Glick's allegations establish that the Montana Supreme Court's May 2, 2017 order arises in an ongoing civil action in the courts of the state of Montana which is currently pending on appeal.

Second, the referenced order implicates important state interests in the control over litigation procedures in the courts of the State of Montana. This court should not interfere with those interests.

Third, with regard to Glick's opportunity to raise any issue, or to assert any constitutional right in the state court proceedings – matters that he is attempting to present to this Court – he would have to establish "that state procedural law bar[s] presentation of [his] claims[]" in the state court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432

6

(1979)). Glick cannot do so in this case. Rather, he has available to him procedural opportunities and remedies under Montana law and appellate procedure for further challenging the propriety of the Montana Supreme Court's order.

Fourth, Glick expressly requests this Court direct the Montana Supreme Court to alter its May 2, 2017 order. Thus, this federal court action would interfere with the state court proceedings in a way that *Younger* prohibits.

Finally, Glick's allegations do not plausibly suggest exceptional circumstances exist that would render *Younger* abstention inapplicable. Consequently, the Court should abstain from exercising jurisdiction over Glick's claims.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). Here, however, based on the *Younger* abstention doctrine, abstention is mandatory under the circumstances pled in Glick's petition, and any amendment by Glick would be

futile. Therefore, it is unnecessary to give Glick an opportunity to amend his pleading, and it should be dismissed without leave to amend. *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

Finally, Glick filed a motion requesting this Court order the Montana Supreme Court to stay the proceedings before it currently pending on appeal. Because the Court recommends this action be dismissed, IT IS HEREBY ORDERED that Glick's motion is DENIED as moot.

DATED this 31st day of May, 2017.

Jeremiah C. Lynch
United States Magistrate Judge