IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
AUG 30 2017
Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| RONALD DWAYNE GLICK,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA SUPREME COURT,<br><br>Defendant. | CV 17–62–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this case on May 31, 2017, recommending that this matter be dismissed. Plaintiff Ronald Dwayne Glick ("Glick") timely filed objections to the Findings and Recommendations. Consequently, Glick is entitled to a de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v.*

-1-

*Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Lynch concluded, and this Court agrees, that dismissal is appropriate because of an ongoing civil action in the State of Montana, and this Court's inability to interfere with those proceedings. Glick moves the Court for a Petition for Writ of Mandamus to have this Court control and direct the Montana Supreme Court as to its decisions in Glick's state civil action. Pursuant to *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), federal courts are to abstain from granting injunctive and declaratory relief that would interfere with pending state or local court proceedings. All four requirements of the *Younger* abstention test are met here.

Glick contends that *Younger* is directed only toward criminal cases and does not apply to his state civil action. The Supreme Court recently defined the *Younger* abstention doctrine to include "state criminal proceedings, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). Here, this Court's interference would directly impact the ability of the Montana Supreme Court to perform its function related to estate matters. Thus, the *Younger* abstention doctrine applies.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 5) is ADOPTED IN FULL. This case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Glick's motion to stay the proceedings in the Montana Supreme Court is DENIED AS MOOT.

DATED this 30th day of August, 2017.

Dana L. Christensen, Chief Judge
United States District Court